NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 28770

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FIDELIS CAPITAL GROUP LLC,
Plaintiff-Appellant/Cross-Appellee,
v.
VENTURE OUT PROPERTIES LLC,
Defendant-Appellee/Cross-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-1698)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Plaintiff-Appellant/Cross-Appellee Fidelis Capital Group LLC (Fidelis) appeals from the Final Judgment filed on August 30, 2007 in the Circuit Court of the First Circuit[1] (circuit court). The circuit court entered judgment in favor of Defendant-Appellee/Cross-Appellant Venture Out Properties LLC (Venture) and against Fidelis pursuant to two orders:

(1) "Order Granting in Part Defendant [Venture's] Motion for Summary Judgment filed November 22, 2006," filed on March 20, 2007, by which the circuit court dismissed with prejudice Counts I, II, III, V, VI, and VII of the Complaint filed on September 22, 2005; and

(2) "Order Granting Defendant [Venture's] Motion for Summary Judgment Regarding Count IV of Complaint Filed September 22, 2005, (Motion Filed March 19, 2008)," filed April 19, 2007, by which the circuit court dismissed with prejudice Count IV of the Complaint.

---

[1] The Honorable Bert I. Ayabe presided.

The circuit court also awarded attorney's fees of $220,617.81 and costs of $16,729.47 in favor of Venture and against Fidelis pursuant to the August 10, 2007 "Order Granting Defendant [Venture's] Motion for Award of Attorneys' Fees and Costs."

Venture cross-appeals from the circuit court's October 26, 2006 "Order Denying [Venture's] Motion for Summary Judgment Filed on September 8, 2006."

On appeal,[2] Fidelis raises the following points of error:

(1) There is no merit in Venture's cross-appeal from the circuit court's denial of Venture's first summary judgment motion because the following material factual issues were in genuine dispute: (a) whether Venture prevented Fidelis from completing its due diligence, in violation of Sections C-44, C-51, C-61, and C-67 of the DROA, thus excusing its continued performance; (b) whether Fidelis tendered the additional $50,000 cash deposit to Venture's broker, Edward Brinkman (Brinkman), in a timely manner, but Venture did not deposit the money into escrow per Brinkman's instructions, thus waiving objection; (c) whether the parties continued to treat the DROA as operative and to supply Fidelis with additional due diligence materials, thus waiving objection; (d) whether Fidelis demonstrated a financial ability to close; (e) whether Fidelis's suggested DROA Addendum did not impose conditions on Venture outside the DROA's framework and did not constitute notice of termination under Sections C-51 and C-21 of the DROA, but merely tried to take into account changed circumstances; and (f) whether Venture was looking for an

---

[2] Fidelis's Opening Brief is deficient in that it does not, as required by Hawai'i Rules of Appellate Procedure (HRAP) Rule 28, (1) contain record references supporting each statement of fact or mention of court or agency proceeding; (2) specify where in the record each of the alleged errors occurred; and (3) contain in its argument section, citations to the authorities, statutes, and parts of the record relied on. Fidelis's brief is also not in compliance with HRAP Rule 32(b), which requires that "[a]ll print . . . shall be clear and legible and the lines double spaced or one and one-half spaced except in headings, quotations, citations, indexes, footnotes, and appendices," because Fidelis's points of error are single spaced.

out because it wanted to negotiate a higher sale price after obtaining Fidelis's confidential financing statement showing Fidelis's expected profits.

(2) The circuit court's grant of Venture's second summary judgment motion should be reversed because the following material factual issues were in genuine dispute: (a) whether Fidelis had obtained loan commitments; (b) whether Fidelis had liquid assets to close the sale without violating Section C-1 of the DROA; (c) whether Venture was interfering with Fidelis's due diligence (i.e., preventing Fidelis's appraiser from finishing the appraisal report needed for financing), in violation of Sections C-44, C-51, C-61, and C-67 of the DROA, to bargain for a higher price; (d) whether Venture had waived the requirements of Section C-25 by admittedly failing to serve Fidelis with a written termination notice, pursuant to Sections C-21 and C-26 of the DROA, instead raising this argument for the first time only after Fidelis sued Venture for specific performance.

(3) The circuit court's grant of Venture's third summary judgment motion should be reversed because the following material factual issues were in genuine dispute: (a) whether Brinkman, on behalf of his principal, extended the due diligence period, thus waiving all related deadlines; (b) whether Brinkman provided access to late due diligence materials, thus waiving all related deadlines; (c) whether Brinkman encouraged the preparation of a possible contract addendum, thus waiving any repudiation claim; (d) whether Brinkman instructed Fidelis not to deposit into escrow the additional $50,000 that had been timely tendered to him by Fidelis until the details of the addendum could be worked out, thus waiving insistence on Fidelis's timely performance; (e) whether Brinkman encouraged Fidelis to proceed with the deal, thus inducing Fidelis to spend time and money to close the transaction; (f) whether Brinkman failed to object to the Central Pacific Bank loan term sheet or the Finance Factors' letter of interest; (g) whether Brinkman informed Fidelis's

principal that both letters were sufficient for the transaction to proceed; (h) whether Brinkman admitted that he knew Fidelis was relying on his representations to proceed with the transaction; (i) whether Brinkman admitted against interest that he had to caution Venture that Venture was the one breaching the parties' contract.

(4) The circuit court's award of attorney's fees and costs to Venture should be reversed as excessive because Venture failed to (a) explain why its requested fees and costs were "reasonably and necessarily incurred," (b) document that the requested fees and costs were contractually to be paid to its counsel and were actually paid to its counsel, and (c) apportion its fees and costs between assumpsit and tort claims.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Fidelis's appeal is without merit. Venture's cross-appeal is therefore moot.

Therefore,

IT IS HEREBY ORDERED that the Final Judgment filed on August 30, 2007 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 23, 2010.

On the briefs:

Gary Victor Dubin
Long H. Vu
(Dubin Law Offices)
for Plaintiff-Appellant/
Cross-Appellee.

Philip J. Leas
James H. Ashford
(Cades Schutte LLP)
for Defendant-Appellee/
Cross-Appellant.

Chief Judge

Associate Judge

Associate Judge

4